## APPEAL OF LEWIS DILL.

Docket No. 4563.   Submitted October 14, 1925.   Decided November 18, 1925.

*Emos S. Stockbridge* and *R. K. Slaughter, Esqs.*, for the taxpayer.
*P. J. Rose, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency of $1,393.90, income tax for 1922.

FINDINGS OF FACT.

Prior to 1912 the taxpayer had been engaged in the lumber business as an individual. In 1912 a partnership was formed under the name of Lewis Dill & Co. to continue this business. The firm was composed of taxpayer and one T. A. Myers who had been an employee of the taxpayer. Myers made no contribution to the partnership capital, all of which was contributed by taxpayer. In 1912 a lot described as 11 Overhill Road, Baltimore, was purchased from the partnership funds, and in 1912 and 1913 a residence was erected on such lot, the cost of which also was paid from partnership funds. Title to such lot was taken in the name of the taxpayer and the property was carried as an asset on the books of the partnership. The property was used by taxpayer as his dwelling and, in computing and dividing partnership profits, he was charged with interest of 6 per cent on the cost of $24,804.05.

In 1916, L. Alan Dill, son of the taxpayer, was admitted to the partnership, which was then composed of Lewis Dill, T. A. Myers, and L. Alan Dill. The latter made no contribution to the partnership capital.

In 1920, Myers withdrew and there was paid to him, from the partnership assets, his portion of the partnership earnings which had not previously been drawn by him and had been credited to his capital account. Since that date the business has been conducted in the same name by the taxpayer and his son.

In 1922 the dwelling house was sold for $40,000. The profit was shown upon the partnership profit and loss account and reported as income of the partnership. The Commissioner has included the profit as income to the taxpayer.

There were no written agreements upon the formation of any of the partnerships and no agreement as to the distributive share. At

the end of each year the taxpayer determined the percentages to be used in dividing the income of the year. In 1921 and 1922 taxpayer received two-thirds and his son one-third.

During 1922 dividends of $18 were paid on certain stock standing in the name of Lewis Dill. Such dividends were treated as income of the partnership and were so reported in its tax return. The Commissioner has treated such dividends as income of the taxpayer. The dwelling house and the stock, referred to above, were included in the statements of assets and liabilities submitted to banks and others for the purpose of credit.

In 1917 the partnership built a lumber mill. It was of wood construction, except for the boiler room, which was of brick. This mill, together with the boiler, engine, shafting, pulleys, and other machinery, cost $18,000. The taxpayer deducted depreciation at 10 per cent. The Commissioner reduced the depreciation on the brick portion to 3 per cent. The average useful life of this property was 10 years.

Lewis Dill keeps no personal books of account. Capital accounts were carried upon the books of the partnership for each of the partners, showing, in the case of taxpayer's son, the profits left in the business.

### DECISION.

The profit on the sale of the dwelling house and the dividends on the stock should be accounted for as income of the partnership. Depreciation on the lumber mill is allowed at 10 per cent. The deficiency should be computed accordingly. Final determination will be settled on 10 days' notice, under Rule 50.